**MEDIAONE GROUP, INC., MediaOne of Virginia, Inc., and AT & T Corp., Plaintiffs,**

v.

**COUNTY OF HENRICO, Virginia, Defendants,**

**GTE Intelligent Network Services, Inc. and Bell Atlantic Corporation; Bell Atlantic–Virginia, Inc., Bell Atlantic Internet Solutions, Inc., Intervenor–Defendants.**

No. Civ.A. 3:00CV33.

United States District Court,
E.D. Virginia,
Richmond Division.

May 10, 2000.

James C. Roberts, Mays & Valentine, Richmond, VA, for MediaOne Group, Inc., AT & T Corp.

Edward J. Fuhr, Hunton & Williams, Richmond, VA, for County of Henrico.

Andrew G. McBride, Cooper, Carvin & Rosenthal, Washington, DC, for GTE Intelligent Network.

### MEMORANDUM OPINION

RICHARD L. WILLIAMS, Senior District Judge.

This matter is before the Court on the parties cross-motions for summary judgment on the legality of Henrico County, Virginia Ordinance No. 469B–99 (the "Ordinance"). MediaOne Group, Inc., MediaOne of Virginia, Inc., and AT & T Corp. ("MediaOne" or the "plaintiffs") have filed a Motion for Summary Judgment on Federal Statutory Preemption and Virginia Law Claims asserting that the Ordinance

is preempted by the Communications Act, 47 U.S.C. § 521 *et seq.* ("the Act") and that the Ordinance is *ultra vires* and thus invalid under Virginia law. The County of Henrico ("Henrico" or "the County") and the intervenor-defendants, GTE Intelligent Network Services, Inc. and Bell Atlantic Corporation, Bell Atlantic–Virginia, Inc., and Bell Atlantic Internet Solutions, Inc. (collectively "the defendants") have filed a Cross–Motion for Summary Judgment on Federal Statutory Preemption and Virginia Law Claims, asserting that the Ordinance is not preempted and that Henrico did not act outside its authority in enacting the Ordinance. The issues raised in the cross-motions for summary judgment address the first and fourth claims for relief in the plaintiffs' Complaint.[1] Responses have been filed and, accordingly, the motions are ripe for adjudication.

Summary judgment may be granted if, after consideration of such items as depositions, affidavits or certifications, and after viewing the facts in the light most favorable to the non-moving party, "there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(c); *Celotex Corp. v. Catrett,* 477 U.S. 317, 322–23, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). No material facts are in dispute and thus, summary judgment is appropriate. For the reasons stated below, the Court grants plaintiffs' motion for summary judgment, and denies the defendants' motion for summary judgment. The Court permanently enjoins defendants from enforcing Henrico County Ordinance No. 469B–99.

## I. FACTUAL BACKGROUND

MediaOne of Virginia, Inc. ("MediaOne Virginia") is a wholly-owned subsidiary of MediaOne Group, Inc. ("MediaOne Group"). MediaOne Group is a holding company that owns numerous subsidiaries that provide cable services to subscribers in various regions of the United States.

Pursuant to the terms of a merger agreement between AT & T and MediaOne Group, AT & T is acquiring control of MediaOne Virginia, the franchise holder, from MediaOne Group. Recent technological advances now permit cable systems to provide high-speed access to the Internet. MediaOne currently holds a local cable franchise in Henrico County, Virginia and offers cable services to approximately 80,000 cable subscribers in Henrico County. MediaOne's cable system in Henrico includes a "cable modem platform" which can be used to provide high-speed, two-way connection to the Internet. A customer who connects to the Internet using this cable modem platform has an "always on" connection that allows users such benefits as receiving immediate news alerts, e-mails and other information without first dialing up and then logging onto the Internet.

MediaOne and others formed a company named ServiceCo LLC, which provides internet service and does business as "Road Runner." Road Runner provides high-speed, interactive modem service, a two-way interactive offering that includes broadband connectivity between a cable operator and a subscriber, access to the Internet, interactive content and programming, menus, navigational aids, electronic mail, access to newsgroups, a web browser, hosting and other features. A MediaOne Road Runner customer can access any content on the Internet.

The Henrico County Code provides that the franchisee must obtain approval for a transfer of control of the franchise holder. Henrico County Code § 7–66. Plaintiffs submitted an application with Henrico County in July 1999 to obtain the County's approval for the change in control of MediaOne Virginia from MediaOne Group to AT & T. In reviewing the proposed transfer, the County conducted a series of public meetings and hearings over the period of several months. On December 14, 1999,

---

1. The plaintiffs' Complaint includes First Amendment and Commerce Clause claims which are not at issue in the cross-motions for summary judgment.

the Board of Supervisors enacted Ordinance No. 469B–99, which approves the transfer of control but conditions that approval on the requirement that "[n]o later than December 31, 2000, [MediaOne Virginia] shall provide any requesting Internet Service Provider ("ISP") access to its cable modem platform (unbundled from the provision of content) on rates, terms, and conditions that are at least as favorable as those on which it provides such access to itself, to its affiliates, or to any other person." (Ordinance ¶ (c)). Under the Ordinance, if this condition is not satisfied, "then the Board's consent to, and approval of, the transfer of control is hereby denied as of the date hereof." (Ordinance ¶ 2).

## II. LEGAL ANALYSIS

### A. Preemption

■ The County's Ordinance is preempted by several provisions of Title VI of the Communications Act, which was enacted, among other reasons, "to establish a national policy concerning cable communications" and to "... minimize unnecessary regulation that would impose an undue economic burden on cable systems." 47 U.S.C. §§ 521(1), (6). Congress also declared that "[i]t is the policy of the United States to preserve the vibrant and competitive free market that presently exists for the Internet and other interactive computer services, unfettered by Federal or State regulation." 47 U.S.C. § 230(b)(2).

The decision whether or not a state or local law is preempted "at bottom, is one of statutory intent." *Morales v. Trans World Airlines, Inc.*, 504 U.S. 374, 383, 112 S.Ct. 2031, 119 L.Ed.2d 157 (1992). Therefore, preemption analysis "begin[s] with the language employed by Congress and the assumption that the ordinary meaning of that language accurately expresses the legislative purpose." *FMC Corp. v. Holliday*, 498 U.S. 52, 57, 111 S.Ct. 403, 112 L.Ed.2d 356 (1990) (citation omitted). Regarding its preemptive effect, the Communications Act provides that

"... any provision of law of any State, political subdivision, or agency thereof, or franchising authority, or any provision of any franchise granted by such authority which is inconsistent with this Act shall be deemed to be preempted and superseded." 47 U.S.C. § 556(c). Henrico Ordinance No. 469B–99 is "inconsistent" with four separate provisions of the Communications Act and thus, the Ordinance is preempted by the Act. *See* 47 U.S.C. §§ 541(b)(3)(D), 544(e), 541(c), 544(f)(1).

### 1. Title 47 U.S.C. § 541(b)(3)(D)

Section 541(b)(3)(D) provides that "... a franchising authority may not require a cable operator to provide any telecommunications service or facilities, other than institutional networks, as a condition of the initial grant of a franchise, a franchise renewal, or a transfer of a franchise." The Henrico Ordinance requires MediaOne Virginia to provide telecommunications facilities. This requirement is an unlawful condition placed upon the transfer of control of MediaOne Virginia, the holder of a Henrico County cable franchise.

Congress has explained that under the statute, "[t]he term 'telecommunications' means the transmission, between or among points specified by the user, of information of the user's choosing, without change in the form or content of the information as sent and received." 47 U.S.C. § 153(43). The Henrico Ordinance requires MediaOne to provide "its cable modem platform" facility to any requesting ISPs "unbundled from the provision of content" which the ISPs themselves supply. Ordinance ¶¶ 1(c), 2. Under the Ordinance, MediaOne would be forced to operate its cable modem platform to provide transmission between the points selected by requesting ISPs and their customers, without change in content. The County is therefore requiring MediaOne to provide a telecommunications facility as a condition for the approval of the transfer of control, and accordingly, the Ordinance is in violation of Section 541(c)(3)(D).

## 2. Title 47 U.S.C. § 544(e)

In 1996, Congress enacted the current version of Section 544(e) which provides that "... [n]o State or franchising authority may prohibit, condition, or restrict a cable system's use of any type of subscriber equipment or any transmission technology." Although the exact technology required cannot be determined from the record, in order to provide access to multiple ISPs, MediaOne Virginia would have to make technological modifications to its current system. Accordingly, the Henrico Ordinance requires MediaOne Virginia to use some kind of multiple access technology and equipment that will accommodate requesting third-party ISPs if MediaOne Virginia itself decides to offer Road Runner. Because of this requirement, the Ordinance violates Section 544(e) and therefore the Ordinance is preempted by Section 544(e).

## 3. Title 47 U.S.C. § 541(c)

Section 541(c) provides that "[a]ny cable system shall not be subject to regulation as a common carrier or utility by reason of providing any cable service." The MediaOne Virginia services that trigger application of the Henrico Ordinance are "cable service" as "(A) the one-way transmission to subscribers of (i) video programming, or (ii) other programming service, and (B) subscriber interaction, if any, which is required for selection or use of such video programming or other programming service." 47 U.S.C. § 522(6). MediaOne's Road Runner service contains news, commentary, games, and other proprietary content with which subscribers interact as well as Internet access, and therefore it falls under the statutory definition of "cable service."

While Congress adopted certain narrowly defined requirements that set aside particular numbers of cable system channels for particular numbers of cable system channels for particular kinds of programming,[2] Congress prohibited regulatory bodies from adopting access requirements for any additional types of video programming.[3] Congress enacted Section 541(c) to prevent the FCC, the states, or the local franchising authorities from imposing any other access, carriage, or related requirements. In adopting Section 541(c), Congress recognized that the provision would prohibit imposition of "the traditional common carrier requirement of servicing all customers indifferently upon request." H.R.Rep. No. 98–934, at 60 (1984). Congress determined that the demand of consumers for diverse sources of programming should be best met if "a cable company's owners, not government officials, ... decide what sorts of programming the company would provide." *United Video, Inc. v. FCC*, 890 F.2d 1173, 1189 (D.C.Cir.1989).

The Henrico Ordinance violates Section 541(c)'s prohibition against "regulation as a common carrier or utility by reason of providing any cable service." The Ordinance subject MediaOne Virginia to forced access requirements "by reason of" its provision of its MediaOne Road Runner cable service. By reason of its provision of cable modem services, the Ordinance would require MediaOne Virginia to provide indiscriminate access to its facilities to all ISPs on set terms and conditions. Courts have uniformly held that a requirement that a cable system carry the programs or services of a specified category of users is a prohibited common carrier regulation. For example, in *FCC v. Midwest Video Corp.*, 440 U.S. 689, 99 S.Ct. 1435, 59

---

**2.** *See* 47 U.S.C. § 531 (cable channels for public, educational, and governmental use); 47 U.S.C. § 532 (cable channels for commercial use); 47 U.S.C. § 534 (carriage of local commercial television signals); 47 U.S.C. § 535 (carriage of noncommercial educational television).

**3.** *See* 47 U.S.C. § 532(b)(2) ("Any Federal agency, State, or franchising authority may not require any cable system to designate channel capacity for commercial use by unaffiliated persons in excess of the capacity specified [herein]").

L.Ed.2d 692 (1979), the Supreme Court invalidated FCC rules that required cable operators to set aside four channels for use by particular programmers. The Supreme Court reasoned that these earlier "forced access" requirements were common carrier regulations, because they deprive the firm of the right held by a private carrier "to make individualized decisions, in particular cases, whether and on what terms to deal." *Id.* at 701, 99 S.Ct. 1435. Numerous other courts,[4] as well as Congress,[5] and the FCC[6] have similarly held that requirements that cable systems provide access to third parties constitute prohibited common carrier regulations.

Similarly, the Henrico Ordinance requiring MediaOne Virginia to provide indiscriminate access to its cable facilities to all ISPs is prohibited common carrier regulation. Under the Ordinance, MediaOne Virginia would be unable to make individualized decision whether to share capacity on its respective cable systems with any one or more ISP and on what terms. Additionally, MediaOne Virginia would have no control over what content the other ISPs would offer. Accordingly, the Ordinance is forbidden common carrier regulation under Section 542(c).

### 4. Title 47 U.S.C. § 544(f)(1)

In addition to the Act's ban on common carrier requirements, Section 544(f)(1) provides that "[a]ny Federal agency, State or franchising authority may not impose re-quirements regarding the *provision or content* of cable services, except as expressly provided in [Title VI]." 47 U.S.C. § 544(f)(1) (emphasis added). This Section prohibits any statutory interference with programming and related decisions of cable operators. *Time Warner Cable v. City of New York*, 943 F.Supp. 1357, 1367, 1399 (S.D.N.Y.1996), *aff'd sub nom. Time Warner Cable v. Bloomberg L.P.*, 118 F.3d 917 (2d Cir.1997). According to the Ordinance, MediaOne Virginia and AT & T may not offer Road Runner unless they allow any other requesting ISP to connect with MediaOne Virginia's cable systems no later than December 31, 2000. MediaOnes Virginia's "provision" of the MediaOne Road Runner cable service is what triggers the Ordinance's forced access requirements. Additionally, the forced access ordinance requires MediaOne Virginia to transmit the "content" of other ISPs. Accordingly, the Ordinance's imposition of requirements regarding *both* the "provision" and the "content" of cable services violated Section 544(f)(1).

For all of the foregoing reasons, the Henrico Ordinance is preempted by four separate provisions of Title VI of the Communications Act: 47 U.S.C. §§ 541(b)(3)(D), 544(e), 541(c), 544(f)(1).

### B. Virginia Law

In addition to being preempted by the Communications Act, Henrico's Ordi-

---

4. *See, e.g., Value Vision Intl., Inc. v. FCC*, 149 F.3d 1204, 1206 (D.C.Cir.1998) (leased access requirements place the cable operator "in the position of a common carrier"); *Alliance for Community Media v. FCC*, 56 F.3d 105, 123 (D.C.Cir.1995) (en banc) *rev'd on other grounds sub nom. Denver Area Educ. Telecomms. Consortium, Inc. v. FCC*, 518 U.S. 727, 116 S.Ct. 2374, 135 L.Ed.2d 888 (1996) (requirements for access by public, educational, local governmental, and nonaffiliated commercial users impose " 'common-carrier obligations on cable operator' ").

5. *See, e.g., Columbia Broad. Sys., Inc. v. Democratic Nat'l Comm.*, 412 U.S. 94, 104–110, 93 S.Ct. 2080, 36 L.Ed.2d 772 (1973) (setting forth legislative history in which Congress recognized that requiring a broadcast station to provide nondiscriminatory access to its facilities by political candidates would render it a common carrier).

6. *See, e.g.*, Transfer of Control of Licenses and Section 214 Authorizations from Tele–Communications, Inc. To AT & T Corp., 14 FCC Rcd 3160, ¶ 29 (1999) ("Commenters advocating [access by multichannel video programming distributors to cable capacity] rely on the open access rules applicable to common carriers and seek to expand those requirements beyond traditional common carrier functions. We continue to recognize and adhere to the distinctions Congress drew between cable and common carrier regulation" and deny the request.)

nance is *ultra vires* and invalid under Virginia law. "In Virginia, the powers of boards of supervisors are fixed by statute and are limited to those conferred expressly or by necessary implication." *Board of Supervisors of Fairfax County v. Horne,* 216 Va. 113, 117, 215 S.E.2d 453 (1975) (citations omitted). This basic Virginia principle, Dillon's Rule, provides that a local government has only those powers granted by statute, and any other power necessarily implied in or incident to the power specifically granted or essential for achieving the purpose of the power delegated by the General Assembly. *City of Richmond v. Confrere Club of Richmond,* 239. Va. 77, 79, 387 S.E.2d 471 (1990) (citations omitted). "If there is any reasonable doubt whether legislative power exists, that doubt must be resolved against the local governing body." *Id.* at 79–80, 387 S.E.2d 471. Therefore, Henrico cannot mandate forced access to MediaOne Virginia's cable system because the Code of Virginia does not clearly authorize it to do so.

The basic scope of a locality's authority to grant and regulate franchises for cable television systems is found in Virginia Code § 15.2–2108(D) and (F). These Code sections state:

> D. The governing body may regulate such [cable] systems, including the establishment of fees and rates, the assignment of channels for public use, the operation of such channels assigned for public use, and the placement of restrictions or conditions on the scope of the business activities engaged in by such systems with regard to the sale, lease, rental or repair of television receivers or repair of video cassette and disc recorders and players, or provide for such regulation and operation by such agents as the governing body may direct. . . .

> F. Localities may by ordinance exercise all the regulatory powers over cable television systems granted by the Cable Television Consumer and Competition Act of 1992 (P.L. 102–385, 1992). These

regulatory powers shall include the authority (i) to enforce customer service standards in accordance with the Act, (ii) to enforce more stringent standards as agreed upon by the cable television system operator through the terms of the franchise, and (iii) to regulate the rates for basic cable service in accordance with the Act.

While the language in subsection D gives localities the general power to regulate cable systems, the scope of that authority is then specifically limited to certain subject. None of the specific grants of regulatory power authorizes a locality to require that the franchise holder give other ISPs the right to use its cable modem platform. Nor can such power be necessarily implied from the express language or deemed essential and indispensable to the County's purposes.

Additionally, subsection F grants localities certain regulatory powers contained in federal cable laws. However, none of the listed powers encompasses a forced access requirement, nor is there any provision in federal law that specifically authorizes a locality to compel a cable company to make its facilities available to all ISPs. Therefore, Henrico had no authority to enact a forced access requirement under either subsection D or F and the Ordinance is invalid under Virginia law.

### III. CONCLUSION

For all of these reasons, the court grants the plaintiffs' motion for summary judgment and denies the defendants' motion for summary judgment. The Court permanently enjoins defendants from enforcing Henrico County Ordinance No. 469B–99.

An appropriate Order shall issue.

### FINAL ORDER

This matter is before the Court on Bell Atlantic Corporation, Bell Atlantic–Virginia, Inc., and Bell Atlantic Internet Solutions, Inc.'s Motion to Intervene, GTE In-

telligent Network Services Inc.'s Motion to Intervene, defendants' Motion to Dismiss, and the parties cross-Motions for Summary Judgment on Federal Statutory Preemption and Virginia Law Claims.

For the reasons stated from the bench on May 3, 2000, both Motions to Intervene are GRANTED IN PART. Both Intervenors are permitted to file amicus briefs on behalf of the defendants. For the reasons stated from the bench, the defendants' Motion to Dismiss is DENIED. For the reasons stated in the accompanying Memorandum Opinion, the plaintiffs' Motion for Summary Judgment is GRANTED and the defendants' Motion for Summary Judgment is DENIED. The Court PERMANENTLY ENJOINS defendants from enforcing Henrico County Ordinance No. 469B–99.

It is so ORDERED.